Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| Sonia Rios Rivera<br><br>Recurrida<br><br>v.<br><br>Lourdes González Quiles<br><br>Peticionaria | KLCE202301180 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2019CV06500<br><br>Sobre:<br>División de Herencia; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

### I.

El 25 de octubre de 2023, la señora Lourdes González Quiles (señora González Quiles o la peticionaria) presentó una *Petición de Certiorari* ante este Tribunal. Solicitó que revoquemos una *Resolución*[1] emitida el 22 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) en la cual se declaró No Ha Lugar a la solicitud de reconsideración de la peticionaria y se sostuvo una *Orden* emitida y notificada el 2 de mayo de 2023.[2] Mediante esta *Orden*, el TPI eliminó las alegaciones de la peticionaria y le anotó la rebeldía en el caso radicado por la señora Sonia Ríos Rivera (señora Ríos Rivera o la recurrida). Esto, por el reiterado incumplimiento con las órdenes del foro *a quo*,

---

[1] Apéndice de la *Solicitud de desestimación y en oposición a petición de certiorari*, Anejo 22, págs. 70-79. Archivada y notificada en autos el 25 de septiembre de 2023.
[2] Tomamos conocimiento judicial de la entrada núm. 224 del expediente digital del caso BY2019CV06500 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Número Identificador
RES2023_____

posterior a imponer sanciones y realizar varios apercibimientos a la peticionaria y a su representante legal.

El 27 de octubre de 2023 emitimos una *Resolución* mediante la cual concedimos diez (10) días a la parte recurrida para expresar su posición y advertimos que no se acompañó el recurso con apéndice alguno. Ese mismo día, la señora González Quiles presentó ante nos una *Moción informativa*, en la que manifestó que atravesó un percance de salud que le imposibilitó cursar por SUMAC, copia de los documentos presentados en este recurso, para conocimiento de la recurrida y del TPI. En atención a ello, el 31 de octubre de 2023, emitimos una *Resolución* dándonos por enterados.

El 6 de noviembre de 2023, la señora Ríos Rivera presentó una *Solicitud de desestimación*. Mediante esta, adujo que, debido al patrón de conducta de incumplimiento exhibido por la peticionaria con los requerimientos de las Reglas de Procedimiento Civil, 4 LPRA Ap. V, la jurisprudencia y las órdenes del TPI, debíamos desestimar el auto de *certiorari* solicitado.

Con el beneficio de la comparecencia de ambas partes, procedemos a pormenorizar los hechos atinentes a este recurso.

**II.**

El caso de marras tuvo su génesis el 5 de noviembre de 2019, cuando la señora Ríos Rivera incoó una *Demanda* sobre división de herencia y daños y perjuicios contra la señora González Quiles.[3] La recurrida manifestó que su hijo, el señor Samuel Omar Segarra Ríos (señor Segarra Ríos o causante) falleció el 15 de enero de 2019 en Corozal, Puerto Rico, estando casado con la señora González Quiles bajo el régimen económico de Sociedad Legal de Gananciales, sin tener descendientes y sin otorgar testamento. Alegó que el causante, adquirió una serie de bienes conjunto con la peticionaria, entre

---

[3] Entrada Núm. 1 en SUMAC.

ellos: la residencia matrimonial ubicada en el municipio de Corozal, electrodomésticos propios de la residencia, un terreno sito en Corozal, vehículos de motor, prendas, cuentas bancarias, certificados de depósitos, entre otros.

La recurrida aseveró que radicó una petición de declaratoria de herederos en el Tribunal de Primera Instancia, Sala Superior de Toa Alta y que, mediante *Resolución*, se le declaró heredera universal del causante, mientras que a la señora González Quiles se le reconoció el usufructo viudal. Sostuvo que desde el fallecimiento del señor Segarra Díaz, la peticionaria está en posesión y administración de los bienes, derechos y las deudas del caudal hereditario del causante. La recurrida indicó que tenía el interés de aceptar la herencia de su hijo a beneficio de inventario. Arguyó que, por varios meses, le peticionó infructuosamente a la señora González Quiles que le proveyera información sobre los bienes y la situación económica del causante, circunstancia que, presuntamente, le causó sufrimientos y angustias mentales. Por esto, solicitó la división de la herencia, realización de un inventario, entrega de los bienes que le correspondan y cincuenta mil dólares ($50,000.00) por concepto de sufrimientos y angustias mentales.

Así las cosas, en el curso de múltiples incidencias procesales, el TPI emitió reiterados apercibimientos de sanciones tanto a la señora González Quiles como a su representante legal y, consecuentemente, les sancionó por varios incumplimientos con las órdenes del foro primario. Veamos.

El 16 de marzo de 2020, el TPI emitió una *Orden* en la que anotó la rebeldía a la peticionaria ante la falta de contestación a la demanda.[4] No obstante, el 25 de junio de 2020, la señora González Quiles radicó una *Solicitud de relevo de orden* acompañada con la

---

[4] Entrada Núm. 8 en SUMAC. Archivada y notificada en autos el 17 de marzo de 2020.

*Contestación a la demanda*,[5] para que se dejara sin efecto la anotación de la rebeldía. En esta, su representación legal sostuvo que debido a la carestía de secretaria en su oficina, el desconocimiento tecnológico, las órdenes ejecutivas de distanciamiento social por la pandemia del COVID-19 y la remota distancia de la residencia de la peticionaria, no pudo cursar la contestación a la demanda. Mediante *Orden* dictada el 7 de julio de 2020, el TPI dejó sin efecto la anotación de rebeldía y aceptó la contestación a la demanda.[6]

El 1 de octubre de 2020, el TPI emitió una *Orden*[7] por la cual le impuso a la señora González Quiles una sanción de ciento cincuenta dólares ($150.00), conforme con la Regla 44.2 de Procedimiento Civil, *supra*, R. 44.2, por el incumplimiento con la *Orden*[8] para autorizar la entrada de un tasador a la residencia matrimonial y al terreno ubicado en Corozal. El tribunal *a quo* apercibió a la peticionaria que, de incumplir con lo requerido, podría encontrarse incursa en desacato y orden de arresto.

El 20 de octubre de 2020, el TPI dictó una *Orden*[9] mediante la cual eliminó las alegaciones a la señora González Quiles y anotó la rebeldía por incumplimiento con el pago de la sanción económica. Inconforme, el 25 de noviembre de 2020, acudió a este Tribunal mediante recurso de *certiorari*[10] Un panel hermano denegó la expedición del recurso. Sin embargo, el 16 de diciembre de 2021, el Tribunal Supremo emitió una *Sentencia* en la que revocó la *Resolución* de esta Curia apelativa.[11] El foro supremo determinó que

---

[5] Entrada Núm. 9 en SUMAC.
[6] Entrada Núm. 10 en SUMAC. Archivada y notificada en autos el 7 de julio de 2020.
[7] Entrada Núm. 38 en SUMAC. Archivada y notificada en autos el 1 de octubre de 2020.
[8] Entrada Núm. 27 en SUMAC. Dictada el 21 de julio de 2020, archivada y notificada en autos el 24 de julio de 2020.
[9] Entrada Núm. 51 en SUMAC. Archivada y notificada en autos el 21 de octubre de 2020.
[10] Véase, KLCE202001211.
[11] Véase, CC-2021-0351.

el TPI nunca le notificó directamente a la señora González Quiles sobre los reiterados incumplimientos de su representante legal.

Posteriormente, 11 de julio de 2022, el TPI emitió varias órdenes en las que apercibió a la peticionaria sobre el patrón recurrente de incumplimiento con los dictámenes de dicho Tribunal, por lo que le requirió cumplimiento estricto.[12] Además, le apercibió que el Tribunal podía eliminarle las alegaciones y anotarle rebeldía.

El 25 de marzo de 2023, el TPI dictó una *Orden*[13] en la que apercibió a la señora González Quiles que no se le concedería más prórrogas. Le impuso una sanción de quinientos dólares ($500.00) y le otorgó hasta el 31 de marzo de 2023 para pagar las sanciones impuestas. Asimismo, le otorgó hasta el 10 de abril de 2023 para cumplir con las órdenes del Tribunal respecto al inventario, según acordado en vista del 13 de diciembre de 2022.[14] Le notificó que su incumplimiento resultaría en la eliminación de las alegaciones y anotación de rebeldía.

El 14 de abril de 2023, el TPI emitió una *Orden*[15] en la que apercibió a la peticionaria que se expone a sanciones adicionales dado el reiterado incumplimiento con las órdenes del Tribunal, incluyendo con la *Orden* del 25 de marzo de 2023. Le concedió hasta el 20 de abril de 2023 para acreditar el pago de la sanción de quinientos dólares ($500.00) y tres (3) días perentorios para cumplir con el inventario. Ante la recurrente inobservancia con los dictámenes del Tribunal, el foro primario le notificó que el incumplimiento con esta *Orden* provocaría eliminarle las alegaciones y anotarle rebeldía. Además, le informó que todas las

---

[12] Entrada Núm. 139 y Entrada Núm. 140 del expediente digital del caso en SUMAC.

[13] Entrada Núm. 210 en SUMAC. Archivada y notificada en autos el 27 de marzo de 2023.

[14] Véase, Entrada 199 en SUMAC.

[15] Entrada Núm. 215 en SUMAC. Archivada y notificada en autos el 14 de abril de 2023.

notificaciones fueron remitidas tanto a la parte demandada como a su representante legal.

El 2 de mayo de 2023, el TPI celebró la *Conferencia con antelación a juicio*. Surge de la *Minuta*[16] que, bajo juramento, la señora González Quiles indicó que recibió todas las órdenes del tribunal y su representante legal reconoció haber incumplido con la *Orden* del 25 de marzo de 2023. Por ello, en corte abierta, el foro primario anotó la rebeldía a la parte demandada y eliminó sus alegaciones. Posteriormente, el Tribunal emitió una *Resolución*[17] en la que eliminó las alegaciones de la parte demandada y le anotó la rebeldía.

El 12 de mayo de 2023, la parte demandada radicó una *Moción de Reconsideración*[18] en la que adujo que el Tribunal impuso la severa sanción de eliminación de las alegaciones y la anotación de la rebeldía ante el incumplimiento con el descubrimiento de prueba, sin ejecutar las medidas cautelares establecidas en la Regla 39.2 (a) de Procedimiento Civil, *supra*, R. 39.2 (a) y sin que la parte opositora demostrara perjuicio. Por su parte, el 22 de mayo de 2023, la recurrida presentó una *Oposición a solicitud de reconsideración*, para que se sostuvieran las sanciones impuestas por el Tribunal.[19]

El 23 de septiembre de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la *Moción de Reconsideración* que presentó la señora González Quiles.[20]

Inconforme, el 25 de octubre de 2023, la señora González Quiles acudió ante nos mediante recurso de *certiorari* en el que imputó al TPI la comisión del siguiente error:

COMETIÓ ERROR EL TRIBUNAL DE PRIMERA INSTANCIA AL DISPONER COMO DRÁSTICA SANCIÓN LA

---

[16] Entrada Núm. 225 en SUMAC.
[17] Entrada Núm. 223 en SUMAC. Archivada y notificada en autos el 2 de mayo de 2023.
[18] Entrada Núm. 226 en SUMAC.
[19] Entrada Núm. 227 en SUMAC.
[20] Entrada Núm. 233 en SUMAC. Archivada y notificada en autos el 25 de septiembre de 2023.

ELIMINACIÓN DE LAS ALEGACIONES A LA PARTE DEMANDADA-RECURRENTE Y ANOTARLE LA REBELDÍA SIN HABER OBSERVADO EL PROCEDIMIENTO DISPUESTO EN LA REGLA 39.2(A), 32 L.P.R.A. AP. V., R. 39.2(A), QUE REGULA CÓMO SANCIONAR EL INCUMPLIMIENTO DE LAS ÓRDENES JUDICIALES, Y LA NORMATIVA JURISPRUDENCIAL VIGENTE, RECIENTEMENTE, REITERADA EN HRS ERASE, INC. V. CENTRO MÉDICO DEL TURADO, INC. , 2020 T.S.P.R. 130, OPINIÓN DEL 27 DE OCTUBRE DE 2020. COMO CONSECUENCIA, SE VULNERÓ EL DERECHO AL DEBIDO PROCESO DE LEY AL ORDENAR ESTE DRÁSTICO REMEDIO SIN QUE HUBIERA HECHO AL ABOGADO APERCIBIMIENTO ALGUNO DE MOSTRAR CAUSA, SIN HABER NOTIFICADO A LA PARTE DEMANDADA-RECURRENTE PARA QUE REMEDIASE LA SITUACIÓN Y, ADEMÁS, TAMPOCO LA PARTE DEMANDANTE-RECURRIDA ESTABLECIÓ EL PERJUICIO SUFRID[O] POR EL ALEGADO INCUMPLIMIENTO.

El 6 de noviembre de 2023, la señora Ríos Rivera presentó una *Solicitud de desestimación*. En esencia, reiteró que, ante los frecuentes incumplimientos de la peticionaria con las órdenes del TPI, así como con el Reglamento de este Tribunal, se debería desestimar el recurso presentado.

En vista del error imputado, exponemos las normas jurídicas atinentes a esta controversia.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil,[21] *supra,* R. 52.1,

---

[21] Esta Regla dispone que:

    [....]

        El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de

establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank de Puerto Rico v. ZAF Corporation, et als.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. de Caguas v. JRO Construction***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[22]

---

Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[22] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**B.**

La anotación de rebeldía es una de las sanciones que el Tribunal puede imponer a las partes. La Regla 45.1 de Procedimiento Civil, *supra*, R. 45.1, regula lo pertinente a dicha sanción. Conforme a ésta, los tribunales, a iniciativa propia o solicitud de una parte, pueden anotar la rebeldía a una parte que no comparezca a pesar de haber sido emplazada. *Íd.* Dicha sanción está reservada para aquellos casos en los cuales el demandado no ha cumplido con el requisito de comparecer a contestar una demanda, no ha presentado sus defensas en otra forma prescrita por ley o cuando una de las partes ha incumplido con algún mandato del tribunal. ***Rivera Figueroa v. Joe's European Shop***, *supra*, pág. 588; ***Álamo Pérez v. Supermercados Grande, Inc.***, 158 DPR 93, 100 (2002). El propósito de esta sanción es desalentar la dilación en los procesos judiciales. ***Rivera Figueroa v. Joe's European Shop***, *supra*.

La anotación de rebeldía tiene como consecuencia jurídica que se den por admitidos los hechos correctamente alegados en la demanda y que el Tribunal de Primera Instancia pueda dictar sentencia, si procede como cuestión de derecho. *Íd.* pág. 590; ***González Pagán v. SLG Moret-Brunet,*** 202 DPR 1062, 1069 (2019); ***Álamo Pérez v. Supermercados Grande, Inc.***, *supra,* pág. 101; ***Continental Ins. Co. v. Isleta Marina***, 106 DPR 809, 815 (1978). Sin embargo, ello no garantiza que la parte promovente habrá de obtener un dictamen favorable dado que el trámite en rebeldía no priva al tribunal de evaluar si, en virtud de los hechos

---

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

no controvertidos existe efectivamente una causa de acción que amerite la concesión de un remedio. ***Ocasio v. Kelly Servs. Inc.,*** 163 DPR 653, 671-672 (2005); ***Continental Ins. Co. v. Isleta Marina****, supra,* pág. 817.

"La anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción". ***Rivera Figueroa v. Joe's European Shop****, supra,* pág. 590.

## C.

La Regla 1 de Procedimiento Civil, *supra,* R. 1, establece que dichas reglas "[s]e interpretaran de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". A pesar de que el ordenamiento favorece que los casos se ventilen en sus méritos, las Reglas de Procedimiento Civil, *supra,* proveen medidas para descongestionar los tribunales de forma que se descarten los pleitos que atrasan el calendario. ***Sánchez Rodríguez v. Adm. De Correción,*** 177 DPR 714 (2009).

En torno a la inobservancia de las Reglas de Procedimiento Civil en relación con el descubrimiento de prueba, la Regla 34.3(b)(3) de Procedimiento Civil, *supra,* R. 34.3 (b)(3), dispone lo siguiente:

> Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
>
> (3) **Una orden para eliminar alegaciones** o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla. (Énfasis nuestro).

A saber, por virtud de las Reglas de Procedimiento Civil, *supra*, los tribunales tienen la facultad discrecional de eliminar las alegaciones de una parte cuando se "incumpla con los parámetros de un descubrimiento de prueba". **HRS Erase, Inc. v. Centro Médico El Turabo**, 205 DPR 689, 700 (2020). No obstante, la misma "se debe ejercer juiciosa y apropiadamente". **Maldonado v. Srio. de Recursos Naturales**, 113 DPR 494, 498 (1982). Es decir, previo a imponer una severa sanción como la eliminación de las alegaciones, el tribunal sancionar al representante legal de la parte. *Íd.* Por otra parte, debe apercibir previa y directamente a la parte sobre la actuación contumaz de su representante legal. *Íd.* De resultar infructífero, el tribunal tiene la facultad de imponer la severa sanción de la eliminación de las alegaciones de una parte. *Íd.*

Considerando la normativa expuesta, resolvemos.

## IV.

En el caso de marras, la señora González Quiles recurre ante una resolución interlocutoria del TPI al disponerse como sanción la eliminación de sus alegaciones y la anotación de rebeldía. La peticionaria señaló que el TPI tomó la decisión sin observar el procedimiento dispuesto por la Regla 39.2 de Procedimiento Civil, *supra,* R. 39.2, sin apercibir tanto a la parte como a su representante legal sobre las consecuencias del incumplimiento y sin que la parte recurrida haya establecido el perjuicio sufrido tras los incumplimientos con las órdenes del Tribunal.

A tenor con la Regla 52.1 de Procedimiento Civil, *supra,* R.52.1, nos encontramos ante un recurso de *certiorari,* cuya expedición se caracteriza por la discrecionalidad.

Tras un análisis objetivo, sereno y cuidadoso del recurso ante nos, resolvemos que debemos abstenernos de ejercer nuestra función revisora.

De un examen sosegado del expediente del caso ante nuestra consideración, así como de los trámites ante el hermano foro primario, no atisbamos error alguno que amerite nuestra intervención. De los autos no surge que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción al emitir el dictamen recurrido y sostener la anotación de rebeldía y eliminación de las alegaciones de la peticionaria. Resulta palmario que, consistentemente, el TPI apercibió tanto a la señora González Quiles como a su representante legal sobre las sanciones a las que estaban expuestos ante sus reiterados incumplimientos con las órdenes del Tribunal. Ante los múltiples incumplimientos de la peticionaria y la imposición de sanciones y apercibimientos, resolvemos que la determinación recurrida es correcta en derecho, por lo que no debemos intervenir con el criterio del foro primario. Por cuanto, denegamos el recurso de *certiorari* solicitado por la peticionaria.

## V.

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís

Secretaria del Tribunal de Apelaciones